**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| CITY OF JERSEY CITY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1900 (ABJ) |
| | ) | |
| CONSOLIDATED RAIL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 212 MARIN BOULEVARD, LLC, *et al.*, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAULA T. DOW, | ) | |
| *Acting Attorney General of the* | ) | |
| *State of New Jersey*, | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |
| _____ | ) | |

**<u>MEMORANDUM OPINION</u>**

Pending before the Court are two motions: a motion for leave to file an amended answer

by intervenor-defendants 212 Marin Boulevard, LLC; 247 Manila Avenue, LLC; 280 Erie Street,

LLC; 317 Jersey Avenue, LLC; 354 Cole Street, LLC; 389 Monmouth Street, LLC; 415

Brunswick Street, LLC; and 446 Newark Avenue, LLC,[1] [Dkt. # 86], and a renewed motion for

summary judgment by plaintiffs City of Jersey City, Rails to Trails Conservancy, and

Pennsylvania Railroad Harsimus Stem Embankment Preservation Coalition, [Dkt. # 79]. The

_____

1       Intervenor-Defendants will be referred to collectively as "the LLCs."

Court will deny the motion to amend because the LLCs' amended answer would alter the nature and scope of the litigation and would prejudice the other parties by unnecessarily delaying resolution of this action. It will grant the renewed motion for summary judgment because the parties have stipulated to the sole factual issue in this case, no genuine issues of material fact remain, and plaintiffs are entitled to judgment as a matter of law.

## BACKGROUND

This lawsuit concerns a portion of rail property known as the Harsimus Branch, between CP Waldo and Luis Munoz Marin Boulevard in Jersey City, New Jersey ("Harsimus Branch"). Compl. [Dkt. # 1] ¶ 1. The Harsimus Branch was conveyed to defendant Consolidated Rail Corporation ("Conrail") in 1976 pursuant to the Regional Railroad Reorganization Act of 1973, 45 U.S.C. § 741; 45 U.S.C. § 1301. *Id.* ¶ 12. The specific question before the Court in this case is whether the Harsimus Branch conveyed at that time was a railroad "line" or a "spur." *Id*. ¶ 6. This distinction matters because before a railroad can abandon or discontinue operations on a rail line, it must obtain authorization from the Surface Transportation Board ("STB"), formerly the Interstate Commerce Commission. *See* 49 U.S.C. § 10903 (2006). This requirement does not apply to spurs. *Id.* § 10906. In 2005, defendant Conrail purported to sell the Harsimus Branch to intervenor-defendants, but it did not have abandonment authorization from the STB at that time. Compl. ¶ 19. Since then, the Harsimus Branch has been the subject of protracted litigation.

In January 2006, plaintiffs, along with a New Jersey state assemblyman, petitioned the STB for an order declaring that Conrail was required to obtain authorization from the STB to abandon the Harsimus Branch. *Consolidated Rail Corp. v. Surface Transp. Bd.*, 571 F.3d 13, 17 (D.C. Cir. 2009), citing *City of Jersey City – Petition for Declaratory Order*, STB Fin. Docket No. 34818, 2007 WL 2270850 at *1 (Aug. 9, 2007) ("STB Order"), *recons. denied*, Docket No.

34818, 2007 WL 4429517 (Dec. 19, 2007) ("STB Recons. Order"). In August 2007, the STB determined that the Harsimus Branch is "subject to the [STB's] exclusive jurisdiction until appropriate abandonment authority is obtained." *See id.*, citing STB Order, 2007 WL 2270850 at \*7. The STB subsequently denied a petition for reconsideration of that order. *Consolidated Rail Corp.*, 571 F.3d at 17, citing STB Recons. Order, 2007 WL 4429517 at \*6.

The STB Order was appealed to the United States Court of Appeals for the District of Columbia Circuit, which ruled only on the procedural ground that the STB did not have authority to determine whether a railroad track is a line or a spur for purposes of abandonment authorization. *See Consolidated Rail Corp.*, 571 F.3d at 20. The Court of Appeals ruled that this court has exclusive jurisdiction to determine that issue, while the STB has exclusive jurisdiction to determine whether to authorize abandonment of a line. *Id.*

After the Court of Appeals issued that decision, the parties filed this lawsuit on October 7, 2009, seeking a ruling on whether the Harsimus Branch was conveyed as a line subject to STB jurisdiction. Compl. ¶ 49. The specific question before the Court is whether the Harsimus Branch was conveyed to Conrail as a line or a spur. *Id*. ¶ 6. On September 28, 2010, the court ruled, without reaching the merits, that plaintiffs lacked standing. *City of Jersey City v. Consolidated Rail Corp.*, 741 F. Supp. 2d 131, 149 (D.D.C. 2010), *rev'd*, 668 F.3d 741 (D.C. Cir. 2012). Plaintiffs appealed and the Court of Appeals reversed, *City of Jersey City v. Consolidated Rail Corp.*, 668 F.3d 741 (D.C. Cir. 2012), remanding the case back to the court on March 23, 2012, for further proceedings, [Dkt. # 61].[2] The parties filed status reports with the

---

2       On May 3, 2012, the case was reassigned to Judge Kollar-Kotelly. *See* Reassignment of Civil Case [Dkt. # 62]. It was transferred to this Court on September 20, 2013. *See* Reassignment of Civil Case [Dkt. # 96].

court, and on June 25, 2012, the court issued an order to govern proceedings.  Sched. and Procs. Order [Dkt. # 77].

On July 10, 2012, the parties filed a joint stipulation in which plaintiffs and intervenor-defendants stipulated that the Harsimus Branch was conveyed to Conrail as a line subject to the STB's abandonment jurisdiction.  Joint Stipulation [Dkt. # 78] at 1.  They further stipulated that defendant Conrail and intervenor Attorney General of New Jersey would not raise any facts or arguments in opposition to that stipulation.  *Id.*  In light of this, on August 15, 2012, plaintiffs filed a renewed motion for summary judgment.  Renewed Mot. for Summ. J. [Dkt. # 79].  The LLCs oppose the renewed motion, Mem. of Law on Behalf of the LLCs in Opp. to Pls.' Mot. for Summ. J. [Dkt. # 81], and filed a motion seeking leave to file an amended answer to add counterclaims and cross-claims, Mot. for Leave to File an Am. Answer [Dkt. # 86].

## STANDARD OF REVIEW

### I.    Motion to Amend

According to Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave [to amend] when justice so requires."  The decision to grant leave to file an amended pleading is at the discretion of the Court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Such leave is appropriate "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### II.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the "initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

### I.      The LLCs' Motion for Leave to File an Amended Answer

The court granted the LLCs' motion to intervene as defendants in this action on May 10, 2010. Minute Order (May 10, 2010). Federal Rule of Civil Procedure 13 does not distinguish between intervenors and other parties with respect to their ability to assert counterclaims or cross-claims. *See, e.g.*, Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty . . . ."); *see also Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 617 n.14 (1966) ("[A]n intervenor of right may assert a cross-claim without independent jurisdictional grounds[.]"). But it is also well-established that "one of the most usual procedural

rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944); *see also EEOC v. Woodmen of the World Life Ins. Soc'y*, 330 F. Supp. 2d 1049, 1055 (D. Neb. 2004) (holding that an intervenor could not assert a cross-claim that would "improperly expand the scope of the proceedings before this court"); *Seminole Nation v. Norton*, 206 F.R.D. 1, 7 (D.D.C. 2001) (denying a potential intervenor's request to intervene and present claims that fell outside of the scope of the litigation); *Marvel Entm't Grp., Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 146 (S.D.N.Y. 1990) (stating that an intervenor may not assert additional claims that "needlessly expand the scope and costs of th[e] litigation and . . . thus prejudice the rights of" the other parties to expeditiously resolve the action).[3] But even if one reads Federal Rule of Civil Procedure 24 broadly to accord an intervenor the full rights of any participant in a lawsuit, a motion to amend any party's pleading to add new claims is committed to the Court's discretion and governed by the factors that would ordinarily pertain under Federal Rule of Civil Procedure 15. Here, the LLCs move – after entry of a joint stipulation that resolves the single issue raised in this case – to expand the issues in the case and alter the nature of this proceeding.

This action sought a declaratory judgment on the narrow question of how the Harsimus Branch was conveyed to Conrail. The LLCs assert that there is a broader dispute concerning property beyond the portion of rail track addressed in the complaint, and they want to amend

---

3      In a case involving a direct petition from agency action under 28 U.S.C. § 2344, the D.C. Circuit stated, "Intervenors may only argue issues that have been raised by the principal parties; they simply lack standing to expand the scope of the case to matters not addressed by the petitioners in their request for review." *Nat'l Ass'n of Regulatory Util. Comm'rs v. Interstate Commerce Comm'n*, 41 F.3d 721, 729 (D.C. Cir. 1994). Although not directly applicable to this situation, that statement tends to support the proposition that an intervenor cannot expand the scope of the action.

their answer to add counterclaims and cross-claims "for a full and fair consideration of the issues in this case." Mem. of Law in Supp. of Defs.-Intervenors LLCs' Mot. for Leave to File an Am. Answer ("LLCs' Mem.") [Dkt. # 86-1] at 1. Their new claims include, among others, a claim for declaratory judgment about the broader disputed property, including another rail line, the Hudson Street Industrial Track. *Id.* at 3; Am. Answer [Dkt. # 87] ¶ 96. They also seek to add state law claims against Conrail for fraud and negligent misrepresentation related to Conrail's conveyance of the Harsimus Branch to the LLCs. Am. Answer ¶¶ 115–48.

The LLCs argue that no discovery has taken place in this case and contend their motion is timely given the procedural history of this case. But the case they cite for their argument that their motion is timely is distinguishable from this case. In *Harrison v. Rubin*, 174 F.3d 249 (D.C. Cir. 1999), the Court of Appeals ruled that there is no undue delay "[w]here an amendment would do no more than clarify legal theories or make technical corrections." *Id.* at 253. But here the LLCs do not seek to simply change a statutory citation to clarify legal theories or make technical corrections, as in *Harrison*. They seek to expand the scope of the case beyond the track at issue and to add state law claims that require the Court to delve into their commercial negotiations with Conrail. This would introduce entirely new legal and substantial factual issues to the case. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc*., 810 F.2d 243, 247 (D.C. Cir. 1987) (holding that the district court properly denied motion to amend complaint where amendment would have introduced an entirely new issue into the case). The LLCs acknowledge as much. LLCs' Mem. at 20 ("The counterclaim, likewise, primarily deals with new legal theories. The counterclaims raise many new facts . . . ."); *id.* at 21 (acknowledging that "the fraud count introduces new factual issues").

7

And the argument that no discovery has taken place does not aid the LLCs' position. No discovery is needed to resolve the issue before the Court, but the LLCs' proposed amendment would require extensive discovery, particularly as to the fraud and negligence claims – which the Court notes do not even involve all the parties in this case.

The LLCs' new claims go significantly beyond the narrow legal question involved in this litigation, as they address property beyond the Harsimus Branch and numerous factual issues and state law claims arising out of their commercial dispute with Conrail.[4] Allowing this amendment would prejudice the other parties by expanding this litigation far beyond the original question presented and causing substantial delay in the resolution of this case. By contrast, a denial of the motion to amend does not prejudice the LLCs because they are free to raise their claims in separate litigation. Accordingly, the Court will deny the LLCs' motion for leave to file an amended answer.

## II.     Renewed Motion for Summary Judgment

In light of the Court's decision to deny the LLCs' motion to amend and the parties' stipulation of July 10, 2012, this case presents no genuine issues of material fact and so may be properly decided on summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323. Again, the complaint presents one question: whether the Harsimus Branch was conveyed to Conrail in 1976 as a line subject to the STB abandonment jurisdiction.

---

4       In its opposition to the LLCs' motion for leave to amend, Conrail raises significant questions about whether this Court, sitting as the Special Court under the Regional Railroad Reorganization Act of 1973, has the power to exercise supplemental jurisdiction over the new state law claims. Conrail's Opp. to Def.-Intervenors' Mot. for Leave to File an Amended Answer [Dkt. # 89], at 19–22, citing *Consolidated Rail Corp.*, 571 F.3d at 18 n.11. But even if it does, the Court would still have to determine that the issues derived from a "common nucleus of operative fact," *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), and even then, the exercise of jurisdiction would be discretionary. *See id.* at 726; 28 U.S.C. § 1367.

As the D.C. Circuit held in *Consolidated Rail Corp.*, the district court has "exclusive jurisdiction to decide the antecedent question if it arises" of whether a track at issue "was conveyed . . . as 'part of [the rail carrier's] railroad lines'" subject to the STB's abandonment jurisdiction. 571 F.3d at 20 (alteration in original), citing 49 U.S.C. § 10903(a)(1)(A). If so, then the STB "retains its authority under sections 10903 and 10906 to approve or deny an abandonment application." *Id.* Given that the parties have now stipulated that the Harsimus Branch was conveyed to Conrail as a line and not a spur, the Court rules that the Harsimus Branch "was conveyed . . . as 'part of [the rail carrier's] railroad lines'" subject to the STB's abandonment jurisdiction.

## CONCLUSION

For the reasons stated above, the Court will deny the LLCs' motion for leave to file an amended answer and will grant plaintiffs' renewed motion for summary judgment. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 30, 2013